**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-mj-00026-NRN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STACY A. BYFIELD,

    Defendant.

---

**PARTIES' SECOND JOINT MOTION TO EXCLUDE TIME BEFORE INDICTMENT**

---

The United States of America, by Jason R. Dunn, United States Attorney for the District of Colorado, and Martha A. Paluch, Assistant United States Attorney, and Stacy A. Byfield, by and through her counsel Jane Fisher-Byrialsen, jointly move this Court to exclude the time period from and including April 6, 2019, to May 6, 2019 (30 days) in computing the time within which an indictment must be filed.  In support thereof, the parties state as follows:

1.    On February 26, 2019, this Court granted the Parties' Joint Motion to Exclude Time Before Indictment, which extended the time within which the government was required to seek an indictment to April 5, 2019.   ECF 21.

2.    The parties have been unable to reach a pre-indictment resolution in this case in the time allowed due to the following reasons:

- A Status Conference was scheduled in this case for March 7, 2019.   In light of the Court's Order granting the Parties' Joint Motion referenced above, the

1

parties filed a joint motion to vacate this status conference. United States Magistrate Judge Michael E. Hegarty granted that motion on March 1, 2019. ECF 23. Accordingly, on March 7, 2019, defendant's attorney traveled to the Jefferson County Detention Center to meet with the defendant to review evidence and discuss a possible disposition. However, due to miscommunication between the Clerk's Office and the United States Marshals Service, the defendant was transported to Denver for the vacated status hearing on March 7, 2019. Defense and government counsel attempted to arrange for defendant's attorney to meet with the defendant at the United States Marshals Service, but given restrictions pertaining to such meetings, defendant's attorney was unable to review certain evidence with the defendant, and therefore, no meeting occurred on March 7, 2019.

- Due to inclement weather during the week of March 11, 2019, defendant's attorney's travel back to Denver from the West Coast was delayed and her associate's travel back to Denver from the East Coast was also delayed.
- In addition to these unforeseen issues, defendant's attorney is scheduled to be on annual leave the week of March 18, 2019, and government counsel is scheduled to be on annual leave the week of March 25, 2019.
- Both attorneys are back in the office the week of April 1, but this leaves only days to finalize a pre-indictment agreement in this case.

For these reasons, the parties are jointly seeking another 30 days to resolve this case.

3. As argued in its first Joint Motion, this Court has authority to grant the requested relief pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161-74 after making appropriate findings. D.C.COLO.L.CR. 57.1(a) and 57.1(b)(12). Title 18, United States Code, Section 3161(h)(7)(A) authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial. The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted). Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance. *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

4. The parties submit that an additional 30-day exclusion of time is appropriate for the following reasons:

a) Counsel for both parties are diligently reviewing the facts of this matter for the purposes of exploring a pre-indictment resolution of this case. The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have reasonable time for the effective

preparation of trial.

        b.     The parties need time to review discovery, negotiate a plea agreement, and file an Information.   If no exclusion is granted, the government would be required to present the case to a grand jury the week of April 1, 2019.   However, as a practical matter, because grand juries in this district do not meet every week, and because the government would need time to prepare for a presentation to the grand jury, the parties have considerably less than 30 days after arrest to actually negotiate a plea.   Therefore, despite diligence from counsel for both parties, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea.

        c.     Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, and the Court.   Without the exclusion, the government would be forced to present a case to a grand jury before the deadline, in circumstances where, given more time, the parties might be able to resolve the matter without burdening the grand jury.   In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case.   Finally, a premature indictment would require the Court to expend resources related to scheduling the resulting case.

Despite diligence from counsel for both parties, as detailed above, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea.

    5.     The defendant expressly understands that her waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be

4

construed to preclude the government from proceeding against the defendant during or after the time period covered by her waiver.

WHEREFORE, the parties request, pursuant to 18 U.S.C. § 3161(h), that the time period from and including April 6, 2019, to May 6, 2019 (30 days) be excluded in computing the time within which an indictment or information must be filed.   If this request is granted, the new Speedy Trial deadline by which the government must obtain an indictment from a grand jury is on or before May 6, 2019.

Respectfully submitted,

JASON R. DUNN
United States Attorney

 /s Martha A. Paluch
Martha A. Paluch
Assistant U.S. Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Martha.paluch@usdoj.gov

Defendant's Signature:   I hereby agree that I have consulted with my attorney and fully understand all my rights with respect to a speedy trial, including my right to be charged by indictment within 30 days of arrest, as required by 18 U.S.C. § 3161(b).  I have read this motion for an extension of time to be charged by indictment, and

5

carefully reviewed every part of it with my attorney.   I understand this motion and voluntarily agree to it.

Date: __3/25/19__    _____
STACY A. BYFIELD, Defendant

Defense Counsel's Signature:   I am counsel for the defendant in this case.   I have fully explained to the defendant the defendant's right to be charged by indictment within 30 days of arrest.   Specifically, I have reviewed the terms and conditions of 18 U.S.C. § 3161(b), and I have fully explained to the defendant the provisions that may apply in this case.   To my knowledge, the defendant's decision to agree to an extension of time to be charged by indictment is an informed and voluntary one.

Date: _____    _s/ Jane Fisher-Byrialsen_
Jane Fisher-Byrialsen
Counsel for the Defendant

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on March 27th, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system that will send notification of such filing to all parties of record.

/s Martha A. Paluch
Martha A. Paluch
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: Martha.paluch@usdoj.gov