**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 19-mj-00026-NRN

UNITED STATES OF AMERICA,

 Plaintiff,

v.

STACY A. BYFIELD,

 Defendant.

---

**ORDER GRANTING SECOND JOINT MOTION TO EXCLUDE
TIME BEFORE INDICTMENT**

---

 This matter is before the Court on the Parties' Second Joint Motion to Exclude Time Before Indictment, ECF No. 24.   Through this motion, the parties jointly move this Court to exclude the time period from and including April 6, 2019 to May 6, 2019 (30 days) in computing the time within which an indictment must be filed.

 The Court hereby GRANTS the Second Joint Motion for the following reasons:

 1. On February 26, 2019, this Court granted the Parties' Joint Motion to Exclude Time Before Indictment, which extended the time within which the government was required to seek an indictment to April 5, 2019.   ECF 21.

 2. The parties have been unable to reach a pre-indictment resolution in this case in the time allowed due to the following reasons:

- A Status Conference was scheduled in this case for March 7, 2019.   In light of the Court's Order granting the Parties' Joint Motion referenced above, the

1

parties filed a joint motion to vacate this status conference.   United States Magistrate Judge Michael E. Hegarty granted that motion on March 1, 2019. ECF 23.   Accordingly, on March 7, 2019, defendant's attorney traveled to the Jefferson County Detention Center to meet with the defendant to review evidence and discuss a possible disposition.   However, due to miscommunication between the Clerk's Office and the United States Marshals Service, the defendant was transported to Denver for the vacated status hearing on March 7, 2019.   Defense and government counsel attempted to arrange for defendant's attorney to meet with the defendant at the United States Marshals Service, but given restrictions pertaining to such meetings, defendant's attorney was unable to review certain evidence with the defendant, and therefore, no meeting occurred on March 7, 2019.

- Due to inclement weather during the week of March 11, 2019, defendant's attorney's travel back to Denver from the West Coast was delayed and her associate's travel back to Denver from the East Coast was also delayed.

- In addition to these unforeseen issues, defendant's attorney is scheduled to be on annual leave the week of March 18, 2019, and government counsel is scheduled to be on annual leave the week of March 25, 2019.

- Both attorneys are back in the office the week of April 1, but this leaves only days to finalize a pre-indictment agreement in this case.

3. This Court has the authority to issue orders excluding time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161-74, after making appropriate findings.

2

D.C.COLO.L.CR. 57.1(a) and 57.1(b)(12).   Title 18, United States Code, Section 3161(h)(7)(A) authorizes the Court to exclude time when it concludes that the ends of justice resulting from any delay outweigh the best interest of the public and the defendant in a speedy trial.   The Court must make explicit findings justifying its reasoning, but it "need not articulate facts which are obvious and set forth in the motion for the continuance itself." *United States v. Williams*, 511 F.3d 1044, 1057 (10th Cir. 2007) (internal quotation and citations omitted).   Among the factors that the Court may consider when weighing whether to exclude time are (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm the moving party might suffer as a result of a denial of the continuance.   *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).

4.      This Court finds that an additional 30-day exclusion of time is warranted for the following reasons:

a.      Counsel for both parties are diligently reviewing the facts of this matter for the purposes of exploring a pre-indictment resolution of this case.   The exclusion of time would allow counsel to focus their efforts on plea negotiations, without creating the risk that they would not, despite their diligence, have reasonable time for the effective preparation of trial.

b.      The parties need time to review discovery, negotiate a plea

agreement, and file an Information.   If no exclusion is granted, the government would be required to present the case to a grand jury during the week of April 1, 2019. However, as a practical matter, because grand juries in this district do not meet every week, and because the government would need time to prepare for a presentation to the grand jury, the parties have considerably less than 30 days after arrest to negotiate a plea.   Therefore, despite diligence from counsel for both parties, the requested exclusion is necessary to accomplish all of the tasks prerequisite to a successful plea.

        c.      Rejecting this request would impose significant inconvenience and harm on all of the parties, their potential witnesses, victims, and the Court.   Without the exclusion, the government would be forced to present a case to a grand jury before the deadline, in circumstances where, given more time, the parties might be able to resolve the matter without burdening the grand jury.   In those circumstances, the defendant, too, would be inconvenienced by a premature indictment that might complicate a successful resolution of the case.   Finally, a premature indictment would require the Court to expend resources related to scheduling the resulting case.

     5.    The Joint Motion expressly states that the defendant understands that her waiver is not predicated upon any promises, agreements, or understandings of any kind between the government and the defense in this case, and that nothing contained herein shall be construed to preclude the government from proceeding against the defendant during or after the time period covered by her waiver.

     WHEREFORE, for the reasons stated herein, the Court GRANTS the Parties' Second Joint Motion and holds that, pursuant to 18 U.S.C. § 3161(h), the time period

4

from and including April 6, 2019, to May 6, 2019 (30 days) will be excluded in computing the time within which an indictment or information must be filed.   The new Speedy Trial deadline by which the government must obtain an indictment from a grand jury is on or before May 6, 2019.

DATED this _____ day of March, 2019.

_____
N. REID NEUREITER
UNITED STATES MAGISTRATE JUDGE