IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 19-cr-00207 (RBJ)

UNITED STATES OF AMERICA,
    Plaintiff,

v.

STACY BYFIELD,

    Defendant.

---

**STACY BYFIELD'S STATEMENT IN SUPPORT OF SENTENCING AND REQUEST FOR DOWNWARD VARIANCE**

---

    Miss Stacy Byfield, through counsel, requests that the Court impose a sentence that is a downward variance from the guidelines. A downward variant sentence is appropriate given the particular circumstances of Mr. Byfield's case and is sufficient but not greater than necessary to satisfy the objectives of 18 U.S.C. § 3553(a).

## I. Introduction

    This memorandum is respectfully submitted on behalf of Stacy Byfield, in connection with her sentencing scheduled on March 24, 2020 at 8:30 a.m. before Your Honor. As of the date of sentencing, Stacy will have been incarcerated for almost 4 months and will have been on pre-trial supervision, without incident, for slightly over 10 months. The purpose of this submission is to provide the Court with background and personal information to support Stacy's request for a variant

sentence of time served and one year probation, to include 40 hours of community service. We understand that this is a deviation from the applicable guideline calculation of 10 to 16 months, however, we believe, for the reasons detailed throughout this memorandum that the following factors, independently or in combination, justify a sentence below the guidelines range:

(a) The US Department of Probation does not recommend additional custody;
(b) Stacy has been doing well under pre-trial supervision;
(c) Stacy is gainfully employed;
(d) Stacy has the support of her family and friends;
(e) Stacy's remorse for her actions and sees the error in her ways;
(f) Stacy's low risk of recidivism;
(g) Stacy's cooperation with the government.

II.     **The Pre-Sentence Report, the Sentencing Guidelines, and the Principles Governing Federal Sentencing Since *United States v. Booker*, 534 U.S. 220 (2005)**

   A.     **The Pre-Sentence Report**

The Pre-Sentence Report calculates an advisory guidelines range of 10-16 months on Count One, the only count, Misprison of a Felony in violation of 18 U.S.C. § 4. Stacy has no legal or technical objection to the Probation Department's calculation and agrees with the Probation Department's recommendation that further custody is not necessary in this case under 18 U.S.C. §3553. However, for the reasons outlined below, Stacy believes that because she has been doing so well on pre-trial supervision for the past almost 10 months, one year of probation is sufficient, but not greater than necessary as opposed to the Probation Department's recommendation of 4 years probation.

**B.     Sentencing Pursuant to 18 U.S.C. §3553(a)(2) & *Booker* Case Law**

The Supreme Court has held that the Sentencing Guidelines are "effectively advisory," *United States v. Booker,* 543 U.S. 220, 245 (2005), and has empowered district judges with "considerable discretion" in determining whether a non-guideline sentence is justified. *United States v. Jones,* 531 F.3d 163, 171 (2d Cir. June 24, 2008). Indeed, *Booker* instructs district courts to consider all of the statutory factors listed under 18 U.S.C. § 3553(a) in order to tailor an appropriate sentence based on the defendant's specific situation and particular circumstances.

In *Pepper v. United States,* 131 S.Ct. 1229, 131 (2011), the Court twice emphasized that a sentencing judge assumes "an overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 1242, 1243.

In *Rita*, the Court noted the right and importance of all parties to be heard at sentencing as to the appropriate punishment: "In determining the merits of [the parties'] arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." 127 S.Ct. at 2465 (citing *Booker*, 543 U.S. at 259-60). By extension, the Supreme Court has held that a non-guidelines sentence is not presumptively unreasonable. *See Gall*, 128 S.Ct. at 597; *See also Nelson v. United States,* 550 U.S. 350, 351 (2009), ("[t]he Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable").

Further, a sentencing court need not justify the imposition of a non-guidelines sentence with "extraordinary" circumstances. *See Gall*, 128 S.Ct. at 595). Indeed, it is well-established that there is no limit to the information which sentencing courts may consider. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person . . . which a court . . . may receive and consider for the purpose of imposing an appropriate sentence.").

3

Thus, specific grounds for the imposition of a sentence below the advisory guidelines are not necessary or determinative, as these recent holdings make clear. If the totality of the defendant's individual characteristics and other considerations set forth in §3553(a) call for a sentence below the guidelines range the Court should impose such a sentence. In keeping with the Supreme Court's decisions in *Booker*, *Rita*, *Gall* and *Kimbrough*, we respectfully urge this Court to consider Stacy's individual characteristics as detailed below and sentence her to time served and one year probation (to include 40 hours of community service).

### III. Analysis of the § 3553(a) Factors Compels a Sentence Substantially Below Stacy's Applicable Sentencing Guidelines Range

Considering Stacy's unique circumstances, either independently or in combination, including her cooperation with the government, a sentence of one year probation is "sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in" §3553(a).

#### A. The United States Department of Probation Does Not Recommend Custody

In Exhibit A to the Presentence Investigation Report, the United States Department of Probation sets out its recommendation for Stacy's sentencing. It is extremely notable, that although Stacy's sentencing guideline range is 10-16 months, the Department of Probation does *not* recommend any custody for Stacy. This is notable because it is rare that the the Department of Probation makes recommendations outside of the guideline range.

Although we strongly agree with the Probation Department's conclusion that Stacy does not need to serve additional time in custody, we disagree with the amount of time on probationary supervision that the Department thinks is necessary. For the reasons outlined below, we believe one year of probation is sufficient but not greater than necessary to meet the goals of 18 U.S.C. §3553(a).

4

### B. Stacy has Done Well Under Pre-Trial Supervision

Stacy was arrested in Estes Park, Colorado on January 31, 2019 and held without bond until May 20, 2019 when, upon a joint application from the government and defense, this Court granted her release on an unsecured bond. Upon her release, Stacy returned to Brooklyn, New York where she resides and her pre-trial supervision was transferred to Eastern District of New York. Stacy has spent ten months on pre-trial supervision without incident. She has abided by her curfew, become employed, tested negative on all drug tests and complied with all other requirements of her supervision.

### C. Stacy is Gainfully Employed

Prior to her arrest in this case, Stacy held various jobs, but mostly part time and none for very long at a time. However, since shortly after release on bond in this case, Stacy maintained a job at Jamaican Breeze, working 40 hours a week. (See Exhibit One: Pay Stubs/Proof of Employment). According to her supervisors and co-workers, Stacy is a great asset to the restaurant. (See Exhibit Two: Letters from Supervisors and Co-Workers). Stacy is diligent and hard working. It takes Stacy up to 2 hours to commute to work on two separate bus lines and a train, but she is diligent about being on time to work and on time to meet her curfew.

### D. Support of her Family and Friends

Stacy's family and friends are all aware of her arrest, the charges pending against her and her guilty plea. Over the course of representing Stacy, the defense team has communicated regularly with Stacy's father Albert, who although there has been a rocky path between the two, is very supportive of his daughter. (See Exhibit Three: Statement of Albert). In his statement to defense investigator, Natasha Powers-Marakis, Albert explains the positive changes he has seen in his daughter since her arrest in this case. Stacy lives near her father in Brooklyn and sees him on a regular basis.

### E. Stacy's Remorse for her Actions in her Own Words

Most individuals are not accustomed to or comfortable with public speaking the way judges and lawyers are, which often makes it hard for our clients to make detailed and complete oral statements to the Court at the time of sentencing. Therefore, I have decided to do a written pre-sentencing statement with some of my clients, Stacy being one of them. The questions posed to Stacy are included below with her answers.

Question One: What are your best accomplishments?

> Answer: Graduating high school. It was a major thing for me because I was not taking school seriously. I only had 14 credits by the time I was halfway through my junior year and and found out what I needed to do to graduate from a school counselor, I put my head down, completed all of the work and finished school with my graduating class.

Question Two: What are your best attributes?

> Answer: I think I am loving and positive and always try to uplift those around me. I do not easily give up on others around me and I try to assist them to be positive and accomplish their goals.

Questions Three: What have you done that you are most proud of?

> Answer: I was initially satisfied with my life before my arrest. When I was in jail, I realized a lot of things. When I was in jail I met a lot of women who were down, drug addicted, and going through a harder time than I was. I spent time with these women and tried to help them see the positive and pointed them to the positive in their goals and dreams. I felt being kind to these women when others were not is something I am really proud of .

Questions Four: What are your short term goals?

Answer: My short term goals are to successfully complete any sentence imposed on me by this court. I pray that the court will see that I have followed every rule of my probation and make it a priority to follow every rule. I don't even leave the unit of my apartment to do my laundry in the basement as this would violate the terms of my house arrest. Instead, I pay a friend to do my laundry to ensure there is no reason to believe I am not taking this supervision seriously.

Question Five: What are your long term goals?

Answer: To formulate my brand. I want to create a clothing line, specifically t-shirts and other clothing that reflect my persona and help keep my deceased friends' dreams alive. My friend who passed away and I always dreamed of creating a line of clothing.

Question Six: Why are you a better person now than you were before your arrest?

Answer: I am more open to my family, friends, and others around me. I was very closed off, untrusting, and found myself trusting the wrong people before my arrest. I now think about my actions before I do things and am more able to have open and honest conversations with my friends and family. Conversations I did not feel comfortable in having before. I felt alone in this world and have now realized my family loves and supports me even when I make big mistakes. In that new found love and support I am able to talk about my past, the things that have happened to me, and how those things have impacted my life. I now feel that I do not have to carry this "burden" alone. I was open with my probation screener during my interviews and being open with her allowed me the ability to be open with my family.

Question Seven: Do you need educational or vocational training?

> Answer: I do want to go back to school. I would like to go to business school and learn the skills needed to successfully start a business and how to keep it a float.  However, my bills are overwhelming at the moment and I have to focus on my job to make ends meet.  I am currently working 5 - 6 days a week and for 8 hours a day.  I have to commute 3 hours round trip for my job, so more schooling is not an option right now, but is something I dream about.

Question Eight: Why should the Judge show you leniency in this case?

> Answer: Everybody makes mistakes in life. The difference is how you learn from those mistakes.  I feel that I have most definitely learned my lesson.  I have worked super hard to comply with my release conditions and my life is now very different, very much better than before.

The above statement are not meant as a substitute for Stacy's in-court sentencing allocution, but an addition to.

### F.  Stacy's Low Statistical Risk of Recidivism

Stacy's has no prior convictions.  This makes her potential recidivism risk very low.  "All offenders with zero criminal history points have a primary recidivism rate of 11.7 percent. This zero point offender rate is substantially lower than the recidivism rates for offenders with only one criminal history point." *See Recidivism and the "First Offender"* A Component of the Fifteen Year Report of the U.S. Sentencing Commission's Legislative Mandate, p. 13-14.  (Attached as Exhibit Four).  Stacy's low statistical risk for recidivism is supported by the facts and circumstances of her current life and efforts to comply with supervision outlined above.

8

### G. Stacy's Cooperation with the Government

Shortly after her arrest Stacy agreed to cooperate with the government against separately charged co-defendant Lenoard Lutton (docket 19CR0098(CMA)). As described in the Pre-Sentencing Investigation report, Leonard Lutton was one of the main figures behind a large lottery fraud scheme. Stacy's cooperation with the government was substantial, not only in that she gave accurate and detailed information very early on in the process, but also because she was, and remains willing to, testify against Mr. Luton and any other possible co-conspirators. Mr. Luton went to trial and, although Stacy did not testify, information she had provided the government helped convict Mr. Luton on all but one count.

### IV. Conclusion

Accordingly, for all the reasons set forth above, it is respectfully submitted that Stacy Byfield should be sentenced to time served, one year of probation (to include 40 hours of community service), and a $100 special assessment. Were the Court inclined to sentence Stacy to additional time in custody above what she has already served, she respectfully requests that the Court recommend she be placed in the Residential Drug Abuse Program and recommend she serve any additional time at a facility close to New York City so that she can have contact with her family.

Dated:    Denver, Colorado
          March 3, 2020

                                        Respectfully submitted,
                                                /s/

                                        Jane Fisher-Byrialsen
                                        Fisher & Byrialsen PLLC
                                        4600 S. Syracuse Street, 9th Fl.

Denver, CO 8023  
(303) 256-63345  
Jane@FBLaw.org  
*Attorney for Stacy Byfield*

## CERTIFICATE OF SERVICE

I, Jane Fisher-Byrialsen, hereby certify that on March 3, 2020, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will send a notification of such filing to all parties via their email addresses, and I hereby certify that I have mailed or served the document or paper to any non CM/ECF participant(s) in the manner indicated by the non-participant's name to the extent any such parties exist.

    Stacy Byfield (US Mail)

/s/ <u>Jane Fisher-Byrialsen</u>  
Jane Fisher-Byrialsen, Esq.  
Fisher & Byrialsen, PLLC  
4600 S. Syracuse Street, 9th Floor  
Denver, CO 80237  
T: (303) 256-6345  
Jane@FBLaw.org  
Attorney for Stacy Byfield